

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00315-CV

———————————————

AMANDA CANIDA, Appellant

V.

B&H REALTY, LLC, Appellee

On Appeal from County Court at Law No. 1
Parker County, Texas
Trial Court No. CIV-25-0146

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant Amanda Canida, acting pro se, attempts to appeal from the trial court's April 6, 2026 order granting Appellee B&H Realty, LLC's motion to dismiss and awarding B&H Realty attorney's fees pursuant to Texas Rule of Civil Procedure 91a. *See* Tex. R. Civ. P. 91a. While the order expressly disposes of Canida's claims against B&H Realty, it does not dispose of B&H Construction, LLC's claims against Canida.[1] The order also clearly states that the amount of attorney's fees awarded has not yet been determined.

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code § 51.014. A final judgment is one that (1) "actually disposes of every pending claim and party" or (2) "clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205. Unless one of the statutory exceptions listed under Section 51.014(a) applies, an order that does not dispose of all pending parties and claims remains interlocutory and unappealable until the trial court signs a final judgment. *Id.*

---

[1]Canida portrayed her filing as a "Protective Notice of Appeal" and reasoned that it was filed "due to uncertainty regarding finality in the consolidated proceedings, including the continued pendency of Plaintiff B&H Construction, LLC's claims and ongoing injunctive relief."

We notified Canida of our concern that we do not have jurisdiction over her appeal because the trial court's order does not appear to be a final judgment or an appealable interlocutory order. We cautioned her that unless she or another party filed with this court a response showing grounds for continuing the appeal, we could dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. We received a response from Canida, but it does not show grounds for continuing the appeal.[2]

Because the appealed-from order is neither a final judgment nor an appealable interlocutory order, we lack jurisdiction over it. *See Paschal v. Belden*, No. 02-25-00381-CV, 2025 WL 2736512, at *1 (Tex. App.—Fort Worth Sept. 25, 2025, no pet.) (holding appealed-from order was not final when claims remained pending in trial court and dismissing appeal for want of jurisdiction). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Paschal*, 2025 WL 2736512, at *1.

/s/ Brian Walker
Brian Walker
Justice

Delivered: June 4, 2026

---

[2]Her response seemingly concedes that the trial court's April 6, 2026 order is not a final judgment, stating that "the lead consolidated proceeding remained pending, including B&H Construction, LLC's claims in Cause No. CIV-25-0146. No severance order was entered, and the April 6 order did not expressly state that it disposed of all claims and all parties in the consolidated matter."